## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBIN ROBIN,                          )
                                      )
              Petitioner,             )
                                      )
v.                                    )     Case No. CIV-26-01536-JD
                                      )
FRED FIGUEROA, et al.,                )
                                      )
              Respondents.            )

## ORDER

Before the Court is Respondents' Response [Doc. No. 8] to the Court's Order to Show Cause [Doc. No. 6] following the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). While they reserve their appellate rights and note the petition for a writ of certiorari filed in the U.S. Supreme Court on the legal issue presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A), Respondents concede that *Santillan Quiroz* controls this Court's decision in this habeas action. [Doc. No. 8 at 2 n.1].

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional

relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate."); *see also* [Doc. No. 8 at 5] (same). The Court further declines to specify an allocation of the burden of proof, chiefly because no bond hearing has yet occurred, so any potential constitutional question is not ripe. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Moreover, 8 U.S.C. § 1226 does not speak on burden allocation, and the implementing regulations at 8 C.F.R. § 236.1(c)(8) place the burden of proof on Petitioner. The Court is not aware of any Tenth Circuit appellate authority mandating a burden allocation different from the regulation, nor does Petitioner point the Court to any such binding authority. *See* [Doc. No. 1 ¶¶ 63, 70] (alleging Respondents bear the burden of proving danger or flight risk, without citing binding or persuasive authority).

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

IT IS SO ORDERED this 29th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2